**Roberto Eusebio MARTINEZ–PEREZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75887.

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 20, 2007.

Roberto Eusebio Martinez–Perez, Los Angeles, CA, pro se.

CAS–District Counsel, Office of the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Cindy S. Ferrier, Esq., Surell Brady Fax, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, CLIFTON and BEA, Circuit Judges.

MEMORANDUM **

Roberto Eusebio Martinez–Perez seeks review of an order of the Board of Immi-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

gration Appeals upholding an immigration judge's order denying his application for cancellation of removal, asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We dismiss in part, and deny in part the petition for review.

We lack jurisdiction to review the discretionary determination that Martinez–Perez failed to show exceptional and extremely unusual hardship to a qualifying relative, *see Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003), and Martinez–Perez does not raise a colorable due process claim, *see Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir. 2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction.").

We do not consider Martinez–Perez's contention regarding physical presence because his failure to establish hardship is dispositive.

In his opening brief, Martinez–Perez fails to address, and therefore has waived any challenge to, the determination that he is ineligible for asylum, withholding of removal and CAT relief. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (holding issues which are not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**